# ATTACHMENT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ELLEN JANE KUTTEN, et al.,          )
                                    )
        Plaintiffs,                 )
                                    )
    vs.                             )        Case No.   4:04CV00244 TIA
                                    )
BANK OF AMERICA, N.A., et al.,      )
                                    )
        Defendants.                 )

## MEMORANDUM AND ORDER

        This matter is before the Court on plaintiffs' Motion for Entry of Order Consolidating Cases,

Appointing Plaintiffs' Lead and Liaison Counsel and for Certain Administrative Matters.  Also

pending are Plaintiffs' Motion to Compel Defendants to Answer Plaintiffs' First Set of Interrogatories

and Motion to Intervene.  The Defendants have also filed a Motion to Quash Subpoena and for

Protective Order.  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C.

§ 636(c).

        On February 8, 2005, the parties appeared before the undersigned for a status conference

on the record to specifically discuss the aforementioned pending motions, along with some other

matters not yet briefed.  The court has thoroughly considered the pleadings filed by the parties and

the arguments advanced during the conference.  .

        With regard to the motion to consolidate, the undersigned will deny the motion.

"Consolidation of issues and claims is committed to the discretion of the trial court."  E.E.O.C. v.

HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).  The Order proposed by plaintiffs in this matter is

over-broad and unnecessary at this time, considering the fact that the cases now before this court

appear to be manageable without consolidation.  However, should plaintiffs' attorneys file additional

cases in the future which they deem to involve "a common question of law or fact", they may file an appropriate motion requesting that the court reconsider the consolidation issue. See Fed. R. Civ. P. 42(a) (court may order actions consolidated where they involve common questions of law or fact).

Likewise, the undersigned will deny plaintiffs' Motion to Intervene, wherein H. Craig Williams, for himself and all other members of the Class, seeks to intervene and provide representation of a Florida Sub-Class in the Kutten action. Intervention of right is proper "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2). A party seeking intervention of right "must establish that: (1) it has an interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." South Dakota v. United States Dept. of Interior, 317 F.3d 783, 785 (8th Cir. 2003).

In the instant case, plaintiffs have failed to meet this burden. The pleadings and the oral arguments demonstrate that the Williams action has been pending before the Florida state court for two years. The Florida Court refused to stay the action pending this court's ruling on the motion to intervene. Plaintiffs have not adequately shown that Mr. Williams and others similarly situated have an interest in the subject matter now before this court. In addition, the Williams case is at a more advanced stage in the Florida court, and plaintiffs have failed to show that the pending claims would be impaired by the disposition of the Kutten case. Finally, the court presumes that the Williams attorney, Mr. Greenfield, will continue to adequately represent the plaintiffs in the Williams case as he has for the past two years.

With regard to permissive intervention, the court may permit such intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R.

Civ. P. 24(b)(2). The court has discretion to determine whether the requirements of Rule 24(b) are satisfied. South Dakota v. United States Dept. of Interior, 317 F.3d 783, 787 (8th Cir. 2003). "The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." Id. (citations omitted). Here, the plaintiffs admit that the Williams case does not have a common question of law, as Florida law governs that action. More importantly and contrary to plaintiffs' position, intervention in this case would delay its adjudication. Under Federal Rule of Civil Procedure 41(a), a plaintiff may only voluntarily dismiss an action prior to an answer by the adverse party or by stipulation of dismissal signed by all parties. Defendant indicated that the Williams case is near the summary judgment stage and that it objected to moving the case at this late date. Alternatively, the court in its discretion may dismiss an action. The parties informed the court that the Williams court refused to stay the action, indicating a desire to proceed in Florida state court. A motion to voluntarily dismiss the case, along with the responses and replies, would likely hinder the progress in this case. For the foregoing reasons, the court will deny plaintiffs' motion to intervene.

Also pending is plaintiffs' motion to compel defendants to answer plaintiffs' first set of interrogatories. Defendant objected to said interrogatories, claiming that they seek irrelevant information and are burdensome and overly broad. The undersigned agrees. While this court understands that plaintiffs are seeking class certification, review of the pleadings indicates that plaintiffs seek information on more than 80,000 fiduciary accounts in addition to other information regarding Nations Funds. The undersigned notes that "broad discovery should usually be permitted prior to class certification." Johnson v. Nekoosa-Edwards Paper Co., 558 F.2d 841, 845 n.5 (8th Cir. 1977) (citation omitted). However, in order for a party to be entitled to discovery, the matter must be "relevant to the claim or defense of any party . . ." Fed. R. Civ. P. 26(b)(1). Plaintiffs seek information regarding a plethora of fiduciary accounts from 1997 to present. Not only would it be burdensome to defendant to aid plaintiffs in a fishing expedition, but plaintiffs have failed to meet their

burden of demonstrating the relevance of this broad scope of discovery. See Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992) ("[s]ome threshold showing of relevance must be made before the parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.") Therefore, the undersigned will deny the motion at this time. However, the undersigned will again entertain such a motion to compel in the event that the plaintiffs more narrowly tailor their interrogatories and support their motion compel with case law and/or other relevant authority.

Finally, with regard to the Motion to Quash or for Protective Order filed by Bryan Cave, the undersigned notes that plaintiffs requested 30 days in which to respond to said motion. Plaintiffs' attorney assured the court that during the pendency of this motion, he would cease contact with the law firm and its partners. The undersigned will grant plaintiffs thirty days to respond based upon these assurances.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of Order Consolidating Cases, Appointing Plaintiffs' Lead and Liaison Counsel and for Certain Administrative Matters [Doc. #36] is **DENIED.**

**IT IS FURTHER ORDERED** that H. Craig Williams' Motion to Intervene [Doc. #70] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Defendants to Answer Plaintiffs' First Set of Interrogatories [Doc. #50] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiffs shall have thirty (30) days from the date of this Memorandum and Order to respond to Bryan Cave's Motion to Quash or for Protective Order and shall cease discovery of documents from the law firm and its partners until the motion is fully briefed and the court issues its ruling.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Order for Preservation of Records

[Doc. #43] is **DENIED.**

**IT IS FURTHER ORDERED** that the request for monthly status conferences, which request was discussed at the status conference on February 8, 2005, is **DENIED.**  The parties must attempt to resolve discovery disputes in compliance with the Federal Rules of Civil Procedure and file motions with the court should court intervention become necessary.

**IT IS FINALLY ORDERED** that Defendant's Motion to Clarify [Doc. #40] and Plaintiffs' Motion for Joint In-Person Status Conference [Doc. #77] are **DENIED** as **MOOT.**

Dated this 15th day of February, 2005.

_____    /s/ Terry I. Adelman_____
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT 4**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
·EASTERN DIVISION

| | | |
|---|---|---|
| ELLEN JANE KUTTEN and MARY ANN ARNOLD, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:04-CV-244 TIA |
| v. | ) ) | |
| BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS

Defendants Bank of America, N.A. and Bank of America Corporation (collectively, "Defendants"), by their counsel, hereby respond to Plaintiffs' First Set of Interrogatories ("Plaintiffs' Interrogatories") as follows.

### GENERAL OBJECTIONS

1.    As set forth below, the language of and defined terms incorporated from the Amended Complaint into Plaintiffs' Interrogatories renders each and every Interrogatory vague, ambiguous, overly broad and unduly burdensome and Defendants therefore generally object to each and every Interrogatory.  Without waiving this objection, Defendants have attempted to respond to the Interrogatories in a meaningful way.  Defendants remain willing to cooperate with Plaintiffs to attempt to clarify their Interrogatories so that Defendants can evaluate whether they can respond with additional information.

2.    Defendants generally object to Plaintiffs' Interrogatories and to providing the information requested, other than information specifically pertaining to the named Plaintiffs, because this case has not been and cannot properly be certified as a class action.  Plaintiffs'

counsel's pursuit of irrelevant and unduly burdensome class-wide discovery cannot alter the fact that proof of liability and/or proof of any claim will vary from trust to trust based upon each trust's particular terms and circumstances.

3.     Defendants generally object to Plaintiffs' Interrogatories to the extent that they seek discovery of information concerning, referencing or relating to trusts unrelated to the named Plaintiffs because (a) any Interrogatory seeking such information would be overly broad and unduly burdensome, (b) such information is irrelevant and unlikely to lead to the discovery of admissible evidence, and (c) disclosure of such information would violate the customer/trust's state and federal rights to confidentiality and privacy.

4.     Defendants generally object to Plaintiffs' Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, the self-critical analysis privilege or any other applicable privilege or protection.

5.     Defendants generally object to Plaintiffs' Interrogatories and to providing the information requested to the extent that Plaintiffs' Interrogatories seek information not within Defendants' possession, custody or control.

6.     Defendants object to each and every Interrogatory because Plaintiffs' Interrogatories seek disclosure of private, confidential, proprietary and/or trade secret information of Defendants, including but not limited to, information concerning Defendants' customers, business practices and pricing. In light of the protective order, Defendants will not withhold information based upon this objection, except for information which could invade the privacy interests of customers not a party to this litigation or employees. In that instance, Defendants will redact that information and advise Plaintiffs accordingly.

7.     Defendants specifically reserve the right to supplement or amend their Responses and Objections to Plaintiffs' Interrogatories and the right to provide additional information prior to any class certification hearing or trial in this action. Defendants' search for responsive

information is ongoing and its Responses and Objections to Plaintiffs' Interrogatories are based upon information known at this time.

8.    Defendants' Responses and Objections to Plaintiffs' Interrogatories do not waive Defendants' right to challenge the relevance, materiality or admissibility of the information or to object to the use of any information at trial or any other proceeding in this action.

9.    Defendants generally object to the "Definitions" contained in Plaintiffs' Interrogatories to the extent that they purport to impose obligations upon Defendants broader than those imposed by the applicable Federal Rules of Civil Procedure, applicable local rules, discovery procedures, or Orders of Court.

10.    Neither the fact that an objection is interposed to a particular Interrogatory nor the fact that no objection is interposed necessarily means that responsive information exists.

11.    Defendants object to the extent that Plaintiffs' Interrogatories contain no geographic or temporal limitation and are therefore overly broad.

12.    Defendants object to the definitions of "Defendant" and "Defendants" because these definitions are overly broad and ambiguous.

13.    Defendants object to the terms "evidence" and "relating to" as vague, ambiguous and improper. Further, Defendants would be required to disclose attorney-client communications and/or attorney work product in determining whether documents "show" or "relate to" something, and accordingly, Defendants object to any Interrogatory which contains these terms.

14.    Defendants object to the definition of "Bank" as vague, ambiguous, overly broad, and improper, and accordingly, Defendants object to any Interrogatory which contains this term.

15.    Defendants object to the definition of the terms "Fiduciary Accounts" and "Beneficial Owners" as vague, overly broad ambiguous and improper, and accordingly, Defendants object to any Interrogatory which contains these terms.

16.     Defendants object to the definition of "Fiduciary Capacity," "Business" and "Trustee" as vague, ambiguous and overly broad.  Accordingly, Defendants object to any Interrogatory containing these terms.

17.     Defendants object to the definition of "Acquired Banks" and "Nations Funds" as vague, ambiguous, overly broad and nonsensical.  Accordingly, Defendants object to any Interrogatory containing these terms.

## DEFENDANTS' RESPONSES AND SPECIFIC OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1.     For each state in which you do Business, state the number and type of Fiduciary Accounts which you (or an Acquired Bank) serve/served as Trustees at the end of each year for the period of 1997 to the present.

ANSWER:  In addition to the General Objections, Defendants object to this Interrogatory as being vague, ambiguous, overly broad, and unduly burdensome.  Defendants further object because this Interrogatory goes far beyond the scope of the litigation concerning assets invested in common trust funds originally established by Boatmens and Bank of America. Subject to and without waiving the foregoing objections and in the interest of trying to be cooperative in the discovery process, Defendants will produce documents which reflect the state and number of the trusts that participated in the investment change for which certain assets held in common trust funds originally established by Boatmens and Bank of America respectively were exchanged for shares of Nations Funds.

2.      For each state in which you do Business, state the number of Fiduciary Accounts which own/owned shares of a Nations Funds mutual fund at the end of each year for the period of 1997 to the present.

ANSWER:  Defendants incorporate their Answer and Objections to Interrogatory No. 1 as if set forth in full.

3.    For each state in which you do Business, state the amount of money invested from Fiduciary Accounts into each of the Nations Funds mutual funds at the end of each year for the period of 1997 to the present.

ANSWER:  Defendants incorporate their Answer and Objections to Interrogatory No. 1 as if set forth in full.

4.     Itemize by each type of Fiduciary Account maintained by the Bank the dollar amount and percentage of Fiduciary Funds invested in each of the Nations Funds mutual funds at the end of each year for the period of 1997 to the present.

ANSWER:  In addition to the General Objections, Defendants object to this Interrogatory as being vague, ambiguous, overly broad, and unduly burdensome.  Defendants further object because this Interrogatory goes far beyond the scope of the litigation concerning assets invested in common trust funds originally established by Boatmens and Bank of America. Subject to and without waiving the foregoing objections and in the interest of trying to be cooperative in the discovery process, Defendants will produce documents which reflect the state, dollar amounts and number of the trusts that participated in the investment change for which certain assets held in common trust funds originally established by Boatmens and Bank of America respectively were exchanged for shares of Nations Funds.

5.    Please identify by account number and state in which beneficiaries reside of all Fiduciary Accounts which hold/have held Nations Funds at any time during the period of 1997 to the present in which assets or property held in such Accounts were liquidated and the proceeds invested in Nations Funds shares, and, if any, indicate the source of funds used to acquire the Nations Funds shares.

ANSWER: In addition to the General Objections, Defendants object to this Interrogatory because it requires disclosure of confidential information protected by state and federal privacy laws. Defendants further object to this Interrogatory as being vague, ambiguous, overly broad, and unduly burdensome. Finally, Defendants object because this Interrogatory goes far beyond the scope of the litigation concerning assets invested in common trust funds originally established by Boatmens and Bank of America.

6.      State in six-month intervals (e.g., on 1/1/97, 7/1/97, 1/1/98, 7/1/98, etc.) from 1997 to the present, the total amounts of investment (both in dollars and percentages) of Fiduciary Funds in each of the Nations Funds and for each date, state the total asset value of each such fund.

ANSWER: In addition to the General Objections, Defendants object to this Interrogatory as being vague, ambiguous, overly broad, and unduly burdensome. Defendants further object because this Interrogatory goes far beyond the scope of the litigation concerning assets invested in common trust funds originally established by Boatmens and Bank of America. Defendants object to the term "each such fund" as being vague, ambiguous and nonsensical. Finally, Defendants object to this Interrogatory because it seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and in the interest of trying to be cooperative in the discovery process, Defendants will produce documents which reflect the state, dollar amounts and number of the trusts that participated in the investment change for which certain assets held in common trust funds originally established by Boatmens and Bank of America respectively were exchanged for shares of Nations Funds.

7.    Indicate, by category of investor, who owns the percentage of the Nations Fund not owned by or on behalf of the Fiduciary Accounts (i.e., the Bank, another bank or trust institution, private individual investor, brokerage house, insurance company, etc.) at the end of each year for the period 1997 to the present.

ANSWER: In addition to the General Objections, to the extent this information is even in Defendants' possession, Defendants object to this Interrogatory as being vague, ambiguous, overly broad, and unduly burdensome.  Defendants further object because this Interrogatory goes far beyond the scope of the litigation concerning assets invested in common trust funds originally established by Boatmens and Bank of America.  Finally, Defendants object to this Interrogatory because it seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and in the interest of trying to be cooperative in the discovery process, Defendants note that mutual fund shareholders holding more than 5% interest are disclosed in publicly available annual reports and prospectuses.

8.    For each of the Nations Funds, please identify each affiliate or subsidiary of either Defendant which receives/received fees or other revenues of any kind from each fund for each year from 1997 to the present and identify the services provided in exchange for each fee or other source of revenues.

ANSWER: In addition to the General Objections, Defendants object to this Interrogatory as being vague, ambiguous, overly broad, and unduly burdensome. Defendants further object because this Interrogatory goes far beyond the scope of the litigation concerning assets invested in common trust funds originally established by Boatmens and Bank of America. Finally, Defendants object to this Interrogatory because it seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and in the interest of trying to be cooperative in the discovery process, information regarding the fees and revenues for Nations Funds is set forth in publicly available prospectuses and annual reports for each mutual fund.

9.      For each affiliate and/or subsidiary of either Defendant identified in the present interrogatory, please state:

(a)      on a yearly basis from 1997 to the present, the amount of fees or other amounts charged to each fund,

(b)      the services for which the fees were charged to and/or payments made by each fund,

(c)      whether the Bank securitized those fees or other source of revenues;

(d)      whether either Defendant realized any revenue or profit from such securitizations; and

(e)      the disposition of the proceeds from the securitizations.

ANSWER: Defendants incorporate their Answer and Objections to Interrogatory No. 8 as if set forth in full.

- 12 -

10.    Please identify all non-Bank entities which receive(ed) fees or other payments of any kind from each of the Nations Funds for the period of 1997 to the present and identify the services provided in exchange for each such payment.

ANSWER:  Defendants incorporate their Answer and Objections to Interrogatory No. 8 as if set forth in full.

11.    Identify, for each year since the Nations Funds Trust was established, all Trustees thereof and, with respect to each such person, state whether that person was nominated, proposed or suggested by either Defendant or their respective subsidiaries or affiliates, employees, agents or counsel.

ANSWER:  In addition to the General Objections, Defendants object to this Interrogatory as being vague, ambiguous, overly broad, and unduly burdensome.  Defendants further object because this Interrogatory goes far beyond the scope of the litigation concerning assets invested in common trust funds originally established by Boatmens and Bank of America. Finally, Defendants object to this Interrogatory because it seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and in the interest of trying to be cooperative in the discovery process, to the extent that Plaintiffs are seeking information about the Nations Fund Board of Trustees, information about the Board of Trustees can be found in publicly available annual reports and prospectuses.

12.    Identify each securities brokerage firm used by any of the Nations Funds to consummate transactions in securities and, as to each, state whether it is or was a subsidiary or affiliate of either Defendant.

ANSWER:  In addition to the General Objections, Defendants object to this Interrogatory as overly broad, unduly burdensome vague and ambiguous.  Defendants object to the phrase "to consummate transactions in securities" as being vague, ambiguous and undefined. Defendants further object to this Interrogatory as neither relevant nor calculated to lead to the discovery of admissible evidence.  Finally, Defendants do not believe that information needed to respond to this Interrogatory is within Defendants' possession, custody or control.

13.    For each brokerage firm identified in your responses to the previous interrogatory that is or was a subsidiary or affiliate of either Defendant, state the total payments made by any of the Nations Funds for each year from the period of 1997 to the present to the brokerage firm.

ANSWER:  Defendants incorporate their Answer and Objections to Interrogatory No. 12 as if set forth in full.

14.     Identify each entity to which any of the Nations Funds made so-called 12b-1 payments for each year from the period of 1997 to the present and, with respect to each, the amount of such payments and the services for which the payments were made.

ANSWER:  In addition to the General Objections, Defendants object to this Interrogatory as being overly broad, unduly burdensome, vague and ambiguous.  Defendants further object to this Interrogatory as neither relevant nor calculated to lead to the discovery of admissible evidence.  Finally, Defendants do not believe that the information responsive to this Interrogatory is within their possession, custody or control.  Subject to and without waiving the foregoing objections and in the interests of trying to be cooperative in the discovery process, the trusts that participated in the investment change for which certain assets held in common trust funds originally established by Boatmens and Bank of America respectively were exchanged for shares of Nations Funds were not invested in shares of mutual funds that paid 12b-1 fees.

15.    Identify the person(s) providing the answers to these interrogatories.

ANSWER: In addition to the General Objections, Defendants object to this Interrogatory as being vague and ambiguous. Subject to and without waiving the foregoing objections, counsel for Defendants.

Respectfully submitted,

Jeffrey S. Russell
Jason E. Maschmann
BRYAN CAVE LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone:    314.259.2000
Facsimile:    314.259.2020

Gregory B. Jordan
Mary J. Hackett
Sharon L. Rusnak
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone:    412.288.3131
Facsimile:    412.288.3063

Attorneys for Defendants Bank of America,
N.A. and Bank of America Corporation

Date: October 5, 2004

- 18 -

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing Responses and Objections to Plaintiffs' First Set of Interrogatories and that the facts stated in it are true to the best of my knowledge, information and belief, and based upon available information imparted by Defendants' agents and representatives and obtained from business records.

By: _____
Title: _____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendants'

Responses and Objections to Plaintiffs' First Set of Interrogatories Directed to Defendants was

served upon the following counsel of record on this date via U.S. First Class Mail, postage

prepaid:

> Steven M. Hamburg, Esq.
> Holly M. McIntyre, Esq.
> Summers, Compton, Wells & Hamburg, P.C.
> 8909 Ladue Road
> St. Louis, MO 63124
>
> Richard D. Greenfield, Esq.
> Greenfield & Goodman LLC
> 7426 Tour Drive
> Easton, MD 21601
>
> Amy Boomhouwer, Esq.
> Gancedo & Nieves LLP
> 144 W. Colorado Boulevard
> Pasadena, CA 91105
>
> Nicole R. Avallone, Esq.
> Lerach, Coughlin, Stoia and Robbins, LLP
> 197 S. Federal Highway, Suite 200
> Boca Raton, FL 33432

Counsel for Defendants, Bank of America, N.A.
and Bank of America Corporation

Date: October 5, 2004

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 9, 2005, he electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following

Sidney S. Liebesman, Esquire
Grant & Eisenhofer, P.A.
1201 North Market Street
Suite 2100
Wilmington, DE  19801


The undersigned counsel further certifies that copies of the foregoing document

were sent by first class mail to the following non-registered participants:

Gregory B. Jordan, Esquire
Mary J. Hackett, Esquire
Sharon L. Rusnak, Esquire
Reed Smith, LLP
435 Sixth Avenue
Pittsburgh, PA  15219

Jeffrey S. Russell, Esquire
Jason E. Maschmann, Esquire
Bryan Cave LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO  63102

_____
Richard D. Kirk (Bar I.D. 922)