# EXHIBIT 3

Execution Copy
(January 31, 2005)

ATTORNEY GENERAL OF THE STATE OF NEW YORK
BUREAU OF INVESTMENT PROTECTION
--------------------------------------------------------X

In the Matter of

BANC OF AMERICA CAPITAL MANAGEMENT, LLC,
BACAP DISTRIBUTORS, LLC, and BANC OF AMERICA
SECURITIES, LLC

--------------------------------------------------------X

## ASSURANCE OF DISCONTINUANCE
## PURSUANT TO EXECUTIVE LAW § 63 (15)

WHEREAS, pursuant to the provisions of the Martin Act (Article 23-A of the General Business Law), Eliot Spitzer, Attorney General of the State of New York, commenced an investigation in July 2003 into the practices, procedures and conduct of Banc of America Capital Management, LLC and its predecessor, Banc of America Advisors, LLC (individually and collectively, "BACAP"), BACAP Distributors, LLC ("BACAP Distributors"), and Banc of America Securities, LLC ("BAS") (individually and collectively, "Respondents") during the period 1998 through September 2003 respecting: (a) market timing of mutual funds; and (b) late trading of mutual funds (collectively, the "Investigation");[1]

WHEREAS, the Investigation was conducted in cooperation with an investigation by the U.S. Securities and Exchange Commission ("SEC") of Respondents;

---

[1] "Market timing" refers to the practice of short-term investing in mutual fund shares and/or the exploitation of pricing inefficiencies in mutual fund share pricing. "Late trading" refers to obtaining a given day's mutual fund share price for orders to buy, sell or exchange shares that were placed after the close of the market on that day.

WHEREAS, BACAP was and is the investment advisor to all mutual funds or series, in the Nations Funds mutual fund complex, (the "Nations Funds") and a subsidiary of Bank of America, N.A., that does business in New York, New York;

WHEREAS, BACAP Distributors is an investment adviser, broker-dealer and acted as the distributor and administrator of the Nations Funds;

WHEREAS, BAS is a full-service investment bank, a broker-dealer and a subsidiary of Bank of America Corporation;

WHEREAS, in the course of the Investigation, numerous witnesses were interviewed and/or deposed and extensive documentary evidence was reviewed;

WHEREAS, Respondents have cooperated in the Investigation by producing documentary evidence and witnesses and identifying evidence relevant to the Investigation;

WHEREAS, the Investigation revealed that certain practices by Respondents have violated the Martin Act, Executive Law, §63 (12), and the General Business Law, §349;

WHEREAS, Respondents have advised regulators of their desire to resolve the Investigation;

WHEREAS, BACAP and BACAP Distributors agree to reduce the management fees charged to certain Nations Funds distributed to retail investors in the United States;

WHEREAS, BACAP agrees not to manage or advise the Nations Funds unless the Nations Funds agree to and do implement certain changes with respect to the corporate governance of the Nations Funds, and to maintain a certain compliance and ethics corporate structure;

WHEREAS, Respondents agree to make certain payments; and

2

Rates and the resulting Net Management Fee Reduction of $32 million as provided in paragraph I.C.1 above.

D. <u>Corporate Governance of Mutual Funds</u>

1. On or after February 1, 2005, BACAP shall not directly or indirectly manage or provide investment advisory services to any Nations Fund that has not agreed to and implemented the provisions of Section I (Affirmative Relief) of this Assurance of Discontinuance insofar as they concern acts by the Nations Fund. In the event that any Nations Fund to which BACAP provides direct or indirect management or investment advisory services ceases to continue to act in accordance with such provisions, BACAP shall promptly terminate its management of, and/or provision of advisory services to, such Nations Fund. Any such termination will be made in accordance with the terms of BACAP's investment advisory agreement with such Nations Fund (insofar as such investment advisory agreement terms are not inconsistent with this Assurance of Discontinuance), in accordance with the provisions of the Investment Company Act of 1940 (15 U.S.C. 80a-1, *et seq.*) and the Investment Advisers Act of 1940 (15 U.S.C. 80b-1, *et seq.*)(collectively, the "'40 Acts"), and within 180 days, unless this period is extended by agreement of the parties to this Assurance of Discontinuance. For purposes of this Subsection D., Nations Fund includes any mutual fund into which any Nations Fund is merged or its assets are transferred or any reorganized mutual fund into which the assets of any Nations Fund are transferred.

*Chairman of the Board*

2. BACAP may manage or advise a Nations Fund only if the Chairman of the Board of Trustees of such Nations Fund is in all respects independent of Respondents, their

39

respective affiliates and Columbia (as defined below) and has had no prior relationship (other than a purely social acquaintance): (a) at any time, with Respondents, their respective present or former affiliates (excluding any relationship with a present or former affiliate, other than Columbia and Fleet (as defined below), that was not an affiliate of Respondents at the time of such relationship), directors, officers, employees or agents acting in their capacity as such agents, with such mutual fund or with Columbia or a mutual fund advised and/or managed by Columbia (other than to have been a mutual fund trustee or director or owner of shares of a Nations Fund or Columbia Fund mutual fund or closed-end fund on customary terms); or (b) during the prior ten years with Fleet (as defined below) (hereinafter referred to as an "Impermissible Relationship"), provided however, that in the event of the death, resignation or removal by the Nations Funds' Board of Trustees of such Chairman, BACAP may continue to manage or advise such Nations Fund provided that the Nations Funds' Board of Trustees, as soon as practicable and in no case later than 120 days after such death, resignation, or removal, appoints as a replacement a Chairman who satisfies the requirements for a Chairman as set forth in this paragraph 2 of Section I.D (including without limitation, having no Impermissible Relationship), and provided further that until such appointment, the Chairman of the Nations Funds' Board of Trustees shall be a trustee who is an "Independent Member" as defined in paragraph 4 of this Section I.D. An Impermissible Relationship includes, but is not limited to, any of the following types of relationships: (I) substantial commercial, banking, or financial relationship; (ii) any legal, accounting, consulting, advisory, familial, charitable, employee, director, trustee or officer relationship; provided, however, a charitable relationship shall not be deemed an Impermissible Relationship if the charitable relationship is disclosed to the Board of Trustees. During the

period when acting as Chairman and for two years thereafter, the Chairman and any firm with which he or she is affiliated shall have no such Impermissible Relationship, provided that nothing in this sentence shall prevent any firm with which such Chairman becomes affiliated in the two years after acting as Chairman from continuing a pre-existing commercial, banking or financial relationship with Respondents and their respective affiliates but only if such Chairman did not have any direct or indirect participation with such pre-existing relationship. An interested person of Respondents or of a Nations Fund shall not be deemed "independent." For purposes of this Assurance of Discontinuance, "interested person" has the same meaning as defined in the Investment Company Act of 1940 ("Investment Company Act"); "familial" means all individuals within three degrees of consanguinity or affinity; and "Columbia" as used in this paragraph I.D.2 and paragraph I.D.4 below, means Columbia Management Advisors, Inc. and/or Columbia Funds Distributor, Inc., their respective present or former affiliates which had or have any commercial, banking or financial relationship with any Columbia Fund, and their respective present or former directors, officers, employees or agents acting in their capacity as such agents. "Fleet" refers to FleetBoston Financial and its affiliates prior to their merger with Bank of America Corporation and their directors, officers and employees or agents acting in their capacity as such agents, excluding Columbia, as defined immediately above.

    3.    In the event that BACAP desires input from the Attorney General as to whether a proposed Chairman of the Board of Trustees (or Senior Officer or Independent Fee Consultant, as defined below) has a relationship that is an Impermissible Relationship, BACAP may make full disclosure of the facts and circumstances and seek the prior guidance of the Attorney General; provided, however, that nothing contained herein shall be construed to excuse

41

a breach of the Assurance of Discontinuance where a Chairman, Senior Officer or Independent Fee Consultant has already assumed office before the input of the Attorney General was sought by BACAP.

### Trustees

4. BACAP may manage or advise a Nations Fund only if at least seventy-five percent of the members of a Nations Fund's Board of Trustees: (a) are not interested persons, as defined by the Investment Company Act, of Respondents or any of their affiliates or Columbia; and (b) have not been directors, officers or employees of Respondents or Columbia at any point during the preceding 10 years ("Independent Members"). In the event that a Nations Fund's Board of Trustees fails to meet this requirement at any time due to the death, resignation, retirement or removal of any Independent Member, BACAP shall terminate its management of, and provision of advisory services to such Nations Fund unless the Independent Members bring the Nations Fund's Board of Trustees into compliance within a reasonable period of time as provided under the provisions of the '40 Acts, not to exceed 120 days (or 180 days if a shareholder vote is necessary), unless extended by written agreement of the parties to this Assurance of Discontinuance. BACAP may manage or advise a Nations Fund only if as of May 1, 2005, the seven Trustees, with the longest tenure as Trustees of such Nations Fund (or its predecessor entities) as of the date this Assurance of Discontinuance is fully executed, have either (I) attained by such execution date, the current mandatory retirement age of 72 for Trustees, or (ii) determined not to seek reelection as a Trustee for such Nations Fund at a shareholder meeting of such Nations Fund to be held between such execution date and May 1, 2005, and such seven Trustees do not stand for reelection as Trustees at such shareholder

42

meeting. ("Trustee" means a member of the Board of Trustees for a Nations Funds, including but not limited to the Boards of Trustees of Nations Funds Trust, Nations Master Investment Trust and Nations Separate Accounts Trust.)

### Senior Officer

5. Within 80 days of the parties' execution of this Assurance of Discontinuance, BACAP shall recommend in writing to the Board of Trustees of each Nations Fund that the Nations Fund either:

 (a) appoint a full-time senior officer ("Senior Officer") with the title of at least Senior Vice President who shall have no Impermissible Relationship (as defined above) during the period he or she is acting as Senior Officer and for two years thereafter; provided, however, that a Nations Fund's Senior Officer may be technically employed and paid by BACAP or an affiliate and be the same person the Nations Fund and/or a Columbia Fund designates as the Chief Compliance Officer of the Nations Fund and/or a Columbia Fund pursuant to Rule 38a-1(a)(4) under the Investment Company Act, 17 C.F.R. 270.38a-1(a)(4), so long as such person is not also employed by BACAP or its affiliates pursuant to Rule 206(4)-7 of the Investment Advisors Act, 17 C.F.R. 275.206(4)-7, or has any duties or responsibilities other than as Chief Compliance Officer of the Nations Fund and/or a Columbia Fund pursuant to Rule 38a-1(a)(4) and Senior Officer of the Fund pursuant to this Assurance of Discontinuance. The Senior Officer may serve as Senior Officer to more than one Nations Fund and/or Columbia Fund; or

 (b) engage an independent compliance consultant (the "Independent Compliance Consultant") who shall have no Impermissible Relationship during the period he or she is acting as Independent Compliance Consultant and who has the duties and responsibilities

43